CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 3 0 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

CHRISTOPHER AZRA WEST,     )
    )
    Plaintiff,     )     Civil Action No. 7:10cv00508
    )
v.     )     **MEMORANDUM OPINION**
    )
DUFFIELD REGIONAL JAIL,     )     **By: Samuel G. Wilson**
    )     **United States District Judge**
    Defendant.     )

This is an action pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff, Christopher Azra West, against defendant, the Duffield Regional Jail. West, who seeks leave to proceed *in forma pauperis*, claims that while at the jail he contracted a bacteria that was left untreated and disfigured his nose and face. He seeks to have the Jail pay the cost of plastic surgery. West's allegations, however, do not point to or allege any official policy that played a role in the "deliberate indifference" claim West appears to be alleging. Accordingly, the Court dismisses West's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

West, who is currently incarcerated at the Bland Correctional Center, claims he contracted Methicillin-resistant Staphylococcus aureus (MRSA) at the Duffield Regional Jail in August 2009. In the light most favorable to West, West claims someone at the jail told him he did not have MRSA, told him to "place a sick call," and left him "untreated for 10 days." West claims his nose and face are disfigured as a consequence, and he seeks damages to cover the costs of plastic surgery and his suffering. He notes that he has the "names [and] numbers of guards [and] inmates to support [his] case."

## II.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dept. of Soc. Servs. of N.Y.C., 436 U. S. 658, 690 (1978). Thus, a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. Polk County v. Dodson, 454 U.S. 312, 326 (1981). "Thus, the entity's official policy must have played a part in the alleged violation of federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 817–818 (1985).

Although a *pro se* complaint, will be held to "less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Here, West fails to link a Duffield Regional Jail policy to any of the Jail's officers' alleged acts. Accordingly, West fails to state a claim upon which relief may be granted as to the Jail, and the court dismisses his complaint without prejudice.[1]

---

[1] West notes that he has the "names [and] numbers of guards [and] inmates to support [his] case." Nothing in the Court's decision today precludes him from bringing an action against those he claims were deliberately indifferent to his serious medical needs resulting in his alleged

## III.

For the above-stated reasons , the court dismisses West's complaint without prejudice.

**ENTER**: This November 30, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

injuries, assuming he has exhausted his remedies in accordance with 42 U.S.C. §1997e.